The opinion of the Court was delivered by
Gibson J.
I have found no case exactly like the present; but there is a strong analogy between it and those in which several counts for separate and distinct offences are included in the same indictment: for these are necessarily tried together ; and, in cases of misdemeanor, it has never been held that separate offences could not be joined. As to felonies, a different rule prevails, and the Court goes so far as to quash where distinct offences are charged ; or, if no motion for that purpose be made in time, to compel the prosecutor to select a particular offence, to which alone, the prisoner is held to *61 answer.* Butin no case has such joinder been considered a cause of demurrer, or ground for a motion in .arrest of judgment, but merely as a subject for the discretion of the Court, and, therefore, not a matter in which error could 'be assigned in a superior Court. The only solid reason for the distinction in regard to felonies, is, that the prisoner, having a right to challenge peremptorily, may choose to have a particular juror to try one of the offences, and yet be altogether averse to him with regard to the other; and thus if the Court did not interfere, he would in some measure lose the benefit of his right. With us, this reason applies also to misdemeanors — as a defendant may peremptorily challenge four jurors; but whether a Court would therefore quash an indictment comprising two or more misdemeanors, would, I apprehend, depend on a sound exercise of discretion, having regard toi the particular circumstances of each case : the Court would take care that the right to challenge should be fully preserved, by allowing the defendant peremptory challenges for each offence, or by quashing the indictment, as might seem most expedient. In the present case, the prisoner was allowed his challenges on each indictment, and has therefore no ground for complaint* But had it been otherwise, we could view these two charges only as if they had been included in the same indict- , ment. It would therefore seem that the Court, by whom they were tried, were the only Judges of the proper exercise of their own discretion; and that an abuse of discretion, even if it existed, would not be the subject of error. The judgment in each case must be affirmed.
Judgment affirmed.

 See, on this subject, Young and others v. The King. 3 Term Rep. 98.